IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VERLAN PEREZ, JR., | § | |
| | § | |
| Movant, | § | |
| | § | |
| v. | § | Civil Action No. **3:19-cv-1688-L** |
| | § | (Criminal Action No. 3:17-cr-0498-L) |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

# ORDER

On November 15, 2019, United States Magistrate Judge Rebecca Rutherford entered the Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report") (Doc. 21), recommending that the court deny Movant Verlan Perez, Jr.'s ("Mr. Perez") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("Motion") (Doc. 2). On November 26, 2019, Mr. Perez filed his Objections[*] (Doc. 22).

In his Motion, Mr. Perez seeks to file an out-of-time direct appeal in his underlying criminal case due to the alleged ineffective assistance of his former counsel Cody Skipper ("Mr. Skipper"). Specifically, Mr. Perez contends that Mr. Skipper provided ineffective assistance because (1) he told Mr. Skipper to file an appeal, and he failed to do so, and (2) Mr. Skipper failed to consult with him about his right to appeal. On October 22, 2019, Magistrate Judge Rutherford held an evidentiary hearing regarding Mr. Perez's allegations. During the hearing, she heard testimony from Mr. Perez, his mother, his former girlfriend, and Mr. Skipper. Upon consideration of the testimony and evidence presented, Magistrate Judge Rutherford determined that Mr. Skipper was

---

[*] Mr. Perez filed his § 2255 Motion *pro se*. On September 17, 2019, Magistrate Judge Rutherford appointed Paul Lund to serve as court-appointed counsel and, accordingly, he filed the Objections on Mr. Perez's behalf.

Order – Page 1

more credible than Mr. Perez and, accordingly, determined that he did not: (1) fail to file a direct appeal against Mr. Perez's express instructions, or (2) fail to consult with Mr. Perez regarding an appeal. She further noted that "even if [Mr.] Skipper had failed to consult with [Mr.] Perez regarding his appeal rights, there was no reason to think that a rational defendant would want to appeal, and [Mr.] Perez did not reasonably demonstrate that he was interested in appealing." Report 7-8.

Mr. Perez objects to the Report, asserting that, despite the Magistrate Judge's findings, he (1) instructed his counsel to appeal his sentence; (2) demonstrated that he was interested in appealing; and (3) established that Mr. Skipper failed to consult with him regarding his right to appeal. Mr. Perez further contends that even if the court determines that he did not provide a clear directive to file an appeal, Mr. Skipper breached his duty to consult about an appeal. Mr. Perez does not provide any specific explanation as to how Mr. Skipper may have breached that duty. Instead, he contends that Mr. Skipper's memory is not entirely reliable, which is evidenced by his inability to remember what Mr. Perez considers important aspects of his representation. *See* Movant's Obj. 6. In contrast, Mr. Perez contends that his memory of the events and conversations was "quite clear," which should be credited by the court. *Id.*

After careful consideration of the pleadings, file, record, Report, and applicable law, and having conducted a de novo review of the portions of the Report to which objections were made, the court determines that the findings and conclusions of the magistrate judge are correct and **accepts** them as those of the court. Specifically, the court determines that the Magistrate Judge had the firsthand and best opportunity to assess the credibility of the witnesses during the evidentiary hearing, and, despite Mr. Perez's assertions, the court has no basis upon which to disturb her credibility assessment. Moreover, Mr. Perez makes no allegation that the Magistrate

Judge erred in her legal analysis of the issues but, instead, attempts to relitigate the facts and issues that have already been considered by the court. Accordingly, the court **overrules** Mr. Perez's Objections (Doc. 22), **denies** his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 2), and **dismisses with prejudice** this action.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.[*] The court determines that Movant has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In support of this determination, the court accepts and incorporates by reference the magistrate judge's report filed in this case. In the event that Petitioner files a notice of appeal, he must pay the $505 appellate filing fee or submit a motion to proceed *in forma pauperis* ("IFP"), unless he has been granted IFP status by the district court.

**It is so ordered** this 27th day of February, 2020.

Sam A. Lindsay
United States District Judge

---

[*]Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:
  **(a) Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
  **(b) Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.